WORDEN & CO., Inc., v. UNITED STATES.

No. 42982.

Court of Claims.

March 7, 1938.

420

John J. Cunneen, of New York City (William J. Dodge, of New York City, on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

This suit is brought to recover $17,127.39 with interest claimed to have been illegally collected by the defendant as a corporation income tax for the year 1929.

One of the defenses set up in the case is that no claim for refund was ever filed as provided by law. Guy W. Renyx, one of the directors of the company, testified that he prepared and mailed a claim for refund to the Collector of the Second District of New York on February 11, 1932, but his testimony was given more than three and a half years after that date and it is not uncommon in future years for a person to imagine that he performed an act which he intended to do. The claim should have been sent to the Bureau of Internal Revenue at Washington, D. C., or at least to the Collector of Internal Revenue of the Third District of New York, where plaintiff had filed its income tax return and paid its tax. There is no record in the office of the collector of either the Second or Third Districts, or in the Bureau of Internal Revenue at Washington, D. C., of any claim ever having been filed. Among the files of the many thousands of cases presented to the Bureau of Internal Revenue incidental papers are sometimes lost, but the evidence shows that, when a claim for refund was received at the offices of the collectors mentioned above, a number of notations were made, certain proceedings were had, and the claim was transmitted to the office of the Commissioner of Internal Revenue where it was filed and a further record made. Under these circumstances the commissioner of this court in effect found that no claim was ever filed, and we think it evident that the preponderance of the evidence shows that his conclusion was correct.

Having determined that no claim for refund was ever filed, it becomes unnecessary to consider the other defenses set up by the defendant. The petition must be dismissed and it is so ordered.